

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0306-14

**THE STATE OF TEXAS**

**v.**

**DAVID VILLARREAL, Appellee**

---

**ON STATE'S MOTION FOR REHEARING
AFTER OPINION ON DISCRETIONARY REVIEW
FROM THE THIRTEENTH COURT OF APPEALS
NUECES COUNTY**

---

**RICHARDSON, J., filed a concurring opinion.**

### CONCURRING OPINION

I join in the Court's decision to deny the State's motion for rehearing. Last year, this Court was asked to decide whether the warrantless, nonconsensual drawing of blood from David Villarreal, arrested on suspicion of driving while intoxicated, conducted pursuant to the implied-consent (Section 724.011(a)) and mandatory-blood-draw (Section 724.012(b)) provisions in the Texas Transportation Code, violated the Fourth Amendment of the United

States Constitution. The Court's 2014 opinion held that the drawing of Villarreal's blood, undertaken without a warrant, and in the absence of any applicable, recognized exception to the warrant requirement, was a search of his person in violation of the Fourth Amendment. *State v. Villarreal*, No. PD-0306-14, 2014 WL 6734178 (Tex. Crim. App. 2014). I agree with that decision.

The warrantless search of a person is reasonable *only* if it falls within a recognized exception to the Fourth Amendment. *Missouri v. McNeely*, 133 S.Ct. 1552, 1558 (2013) (holding that the natural metabolization of alcohol in the bloodstream was not a per se exigent circumstance); *Riley v. California*, 134 S.Ct. 2473, 2482 (2014) ("In the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement."); *Payton v. New York*, 445 U.S. 573, 586 (1980) (Warrantless searches are presumptively unreasonable, and there are only a few carefully delineated exceptions to that basic presumption); *United States v. Leon*, 468 U.S. 897, 960-61 (1984) (Stevens, J., concurring & dissenting) ("We have, of course, repeatedly held that warrantless searches are presumptively unreasonable, and that there are only a few carefully delineated exceptions to that basic presumption."). As recently as June of 2015, the Supreme Court held in *City of Los Angeles v. Patel*, No. 13-1175, 2015 U.S. Lexis 4065 (2015), that

> [t]he Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." It further provides that "no Warrants shall issue, but upon probable cause." Based on this constitutional text, the Court has repeatedly held that

"searches conducted outside the judicial process, without prior approval by [a] judge or [a] magistrate [judge], are *per se* unreasonable . . . subject only to a few specifically established and well-delineated exceptions." *Arizona v. Gant*, 556 U.S. 332, 338, 129 S. Ct. 1710, 173 L. Ed.2d 485 (2009) (quoting *Katz v. United States*, 389 U.S. 347, 357, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967)).

Although *Patel* involved a facial challenge to a City of Los Angeles municipal ordinance, the opinion makes it clear that a statute cannot give validity to searches and seizures that fall outside of the Fourth Amendment or a recognized exception thereto. Because it is clear that the warrantless blood draw in this case does not fall within a recognized exception to the warrant requirement, I do not believe that this Court has the ability to find such a search valid based solely on the theory that it was reasonable because Villarreal was a repeat DWI offender.

In this case, Officer Williams noted in his report that he did not rely on any exception to the warrant requirement to justify the warrantless blood draw, but instead stated that he was "invoking [his] authority under [Texas Transportation Code], Section 724.012(b), to require the suspect to submit to the taking of a specimen of the suspect's blood." *State v. Villarreal*, No. PD-0306-14, 2014 WL 6734178, at *2 (Tex. Crim. App. 2014). In our 2014 *Villarreal* opinion, the Court discussed each recognized exception to the warrant requirement and evaluated whether the facts of this case fit under any one of them. They don't. The Supreme Court does not recognize a defendant's status as a repeat DWI offender as

constituting a separate exception to the warrant requirement or as falling within one of the already recognized exceptions to the warrant requirement.

It is without question that the needs of law enforcement in putting a stop to repeated instances of drunk driving are certainly compelling. It makes sense that when a repeat DWI offender, such as David Villarreal, is once again arrested on suspicion of driving while intoxicated, he *should* have a significantly lessened expectation of privacy that would make a warrantless blood draw, under those circumstances, a reasonable search of his person. However, that is not the law. And, irrespective of whether I believe that such warrantless search certainly seemed reasonable under those circumstances, since it does not fall within an exception recognized by the Supreme Court, it was an unlawful search.

Therefore, I do not believe that our Legislature has created in Section 724.012(b)(3)(B), or even *could* create, a statutory exception to the Fourth Amendment's warrant requirement. I join the majority because I believe this Court's 2014 decision properly follows Supreme Court precedent.


FILED:      December 16, 2015
PUBLISH